IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-01-CR-0246-P(01) |
| ELIZABETH P. JOHNSTON | § | NO. 3-05-CV-0271-P |
| | § | |
| Movant | § | |

**ORDER**

On February 1, 2005, Elizabeth P. Johnston filed a motion to vacate or set aside a judgment under 28 U.S.C. § 2255. By judgment issued May 27, 2005, this court denied her petition for habeas relief under section 2255. More than a year and a half later, on December 11, 2006,[1] petitioner filed a Notice of Appeal and a Motion To Proceed *In Forma Pauperis* on appeal. Based on his determination that petitioner had presented her Notice of Appeal more than nineteen months after the judgment in her case was entered, the Magistrate Judge issued Findings and Recommendation on December 22, 2006, recommending that petitioner's motion to proceed *in forma pauperis* be denied because her Notice of Appeal was untimely.

Petitioner now files a Motion for Reconsideration, which this court construes as objections to the Magistrate Judge's Finding and Recommendations. She alleges that the doctrine of equitable tolling applies to allow her late filing and requests that this court overrule the Magistrate Judge's Finding and Recommendations. As the basis for her contention, petitioner states that she

---

[1] Under Fed. R. App. P. 4(c)(1), petitioner's Notice of Appeal was considered filed on the date it entered the prison mail system. Petitioner's Notice of Appeal was dated December 11, 2006; therefore, this court will assume that December 11, 2006 was the filing date. The Magistrate Judge's Findings and Recommendations identify December 19, 2006, the date the Notice of Appeal was entered by the district clerk, as the filing date. The eight-day difference does not affect the analysis or outcome of this case.

did not receive notice of this court's judgment in her case until she received a letter from the district clerk on October 20, 2006, following an inquiry she sent to the district clerk's office on September 23, 2006.

In order to be timely, a notice of appeal in a civil case in which the United States is a party must be sent within 60 days of the entry of a district court's judgment in a case. *See* Fed. R. App P. 4(a)(1)(B). Therefore, petitioner's Notice of Appeal was due 60 days on July 26, 2005. As her Notice of Appeal was not filed until December 11, 2006, it was untimely filed. However, petitioner asserts that this late filing should be excused because she did not receive notice of the district court's judgment until well over a year past the deadline for her notice of appeal.

Where an appellant claims he filed his notice of appeal late as a result of lack of notice of the judgment appealed from, Federal Rule of Appellate Procedure 4(a)(6), which governs extensions of time, governs whether the district court may accept the filing. *See, e.g., Vencor Hosp., Inc. v. Standard Life and Accident Ins. Co.,* 279 F.3d 1306, 1311 (11th Cir. 2002); *see also Herrera v. Immigration and Naturalization Serv.,* 2 Fed.Appx. 603, 604, 2001 WL 62941, at *1 (8th Cir. Jan. 26, 2001). To avail herself of this rule, a petitioner must show that three conditions have been met: (1) she filed a motion to reopen within 180 days after entry of judgment or within 7 days after notice of entry of judgment, whichever is earlier; (2) she did not receive notice of judgment within 21 days after entry; and (3) no party would be prejudiced. *See* Fed. R. App. P. 4(a)(6).

Because petitioner fails the first to satisfy the first condition of Rule 4(a)(6), she is not entitled to filed her Notice of Appeal. The deadline for filing a motion to reopen within 180 days after entry of the judgment was November 23, 2005. Even if her Notice of Appeal is liberally construed as a "motion to reopen," petitioner failed to submit a motion to reopen within 7 days after she received notice of the judgment on October 20, 2007. Moreover, even if petitioner had filed a

motion to reopen within 7 days after notice of the entry of judgment, the earlier of the two dates set as deadlines, which is the operative date under Rule 4(a)(6), would have been November 23, 2005. Because the deadline for filing a motion to reopen under Rule 4(a)(6) has passed and no other rule of appellate procedure can extend her filing deadline, petitioner can no longer appeal the denial of her section 2255 motion. Therefore, the Magistrate Judge's recommendation remains undisturbed by petitioner's objections.

To the extent not stated otherwise in this order, the court adopts the Findings and Recommendation of the Magistrate Judge. For the reasons stated in the magistrate judge's findings and conclusions and in this order, petitioner's motion to proceed *in forma pauperis* on appeal is denied.

DATED: January 18, 2007.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE